IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT MYERS DIVISION

IN RE:

Peter T. Dvorak

      Debtor(s).

CASE NO. 11-07437-FTM
CHAPTER 7

_____/

**MOTION FOR RELIEF FROM STAY**

Pursuant to Local Rule 2002-4, the Court will consider this motion without further notice or hearing unless a party in interest files an objection within 21 days from the date this paper is entered on the docket. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at the Sam M. Gibbons U.S. Courthouse, 801 N. Florida Avenue, Suite 555, Tampa, FL 33602 and serve a copy on the Movant's attorney, Florida Default Law Group, P.L., P.O. Box 25018, Tampa, Florida 33622-5018.

If you file and serve an appropriate objection within the time permitted, **and the objection reveals factual or legal issues requiring a hearing**, the Court will schedule a hearing and you will be notified. Otherwise, the Court will consider the motion and the responses on the papers without further notice or hearing. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

TO THE HONORABLE JUDGE OF SAID COURT:

    Comes now, THE HUNTINGTON NATIONAL BANK ("Movant"), its successors and/or assigns, seeking modification of the automatic stay pursuant to § 362(d)(1) and (d)(2) of the Bankruptcy Code and would show the Court as follows:

    1.    On April 20, 2011, Peter T. Dvorak ("Debtor" as used herein shall include both Debtors in a joint case), filed for relief under Chapter 7of the U.S. Bankruptcy Code.

    2.    Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. §

1334, 11 U.S.C. § 362, and Fed.R.Bankr.P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On August 09, 2006, Peter T. Dvorak, As Managing Member of Keewaydin Group, LLC, executed and delivered a Promissory Note payable to the order of The Huntington National Bank in the principal amount of $1,200,000.00 (the "Note"). To secure the payment of the Note, Peter T. Dvorak, As Managing Member of Keewaydin Group, LLC executed and delivered a Mortgage (the "Mortgage"). A copy of the Mortgage, together with the Note and Assignments as applicable, are attached hereto as Composite Exhibit "A".

4. Movant is entitled to enforce the Note and Mortgage.

5. Upon information and belief, the Debtor has not declared the following described property as exempt:

**THE SOUTH 100 FEET OF THE NORTH 2100 FEET OF GOVERNMENT LOT 3 IN SECTION 14, TOWNSHIP 51 SOUTH, RANGE 25 EAST, COLLIER COUNTY, FLORIDA, BEING A STRIP OF LAND 100 FEET WIDE EXTENDING FROM THE GULF OF MEXICO TO THE BAY OR INLAND WATERWAY.**

**a/k/a 10671 Keewaydin Island, Naples, FL  34103.**

6. The 341 Meeting is scheduled to be held on June 1, 2011.

7. The Debtor is in default. The last payment received was applied to the November 1, 2008 payment.

8. As set forth in the Affidavit attached to this Motion, Movant's principal and interest is in excess of $1,370,585.02 and its indebtedness continues to accrue interest. Movant's principal and interest alone, exclusive of any late charges, escrow advances, attorney's fees, costs, or other fees and charges that might be contractually due under the terms of the loan documents, if any, demonstrates that there is little or no equity in the collateral. Said Affidavit is attached hereto as Composite Exhibit "A".

9. According to the Tax Assessment, the value of the property is $458,132.00. Said Tax Assessment is attached hereto as Exhibit "B".

10. When considering legal fees, carrying costs, closing charges, and realtor commissions, it is evident that there is little or no equity for the benefit of other creditors. Moreover, Movant contends that any equity over and above the indebtedness, should any exist, does not constitute adequate protection as contemplated by the U.S. Bankruptcy Code.

11. The Debtor has failed to timely meet and satisfy the payment requirements with respect to the obligations set forth in the Note. Movant's indebtedness continues to accrue interest while receiving no payments to protect it against the erosion of its collateral position. Furthermore, Movant is not otherwise being adequately protected while the Debtor continues to enjoy the benefits of the collateral.

12. The Debtor filed a Chapter 7 case and therefore, no reorganization is contemplated.

13. If Movant is not permitted to enforce its security interest in the collateral or provided with adequate protection, it will suffer irreparable injury, loss and damage.

14. Movant requests this Court to allow future communications with the Debtor in order to offer and provide information in regard to a potential Forbearance Agreement, Loan Modification, Refinance Agreement or other Loan Workout/Loss Mitigation Agreement, and furthermore, to enter into such agreement with the Debtor. Movant acknowledges that such communications shall be limited and it shall not enforce or threaten to enforce any personal liability against the Debtor that is discharged in this bankruptcy.

15. Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Movant requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

16. Movant has incurred attorney's fees in the amount of $550.00 and costs in the amount of $150.00 as a result of the necessity of filing this Motion. Said attorney's fees and costs may be recoverable pursuant to state law and the mortgage documents.

**WHEREFORE,** Movant prays that this Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Movant to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, and to have such other and further relief as is just.

        Florida Default Law Group, P.L.
        Post Office Box 25018
        Tampa, FL 33622-5018
        (813) 251-4766 Ext: 3397
        Fax: 813-251-1541
        Email: bkatt@defaultlawfl.com

        By: /s/   ELIZABETH T. FRAU
        Elizabeth T. Frau
        Florida Bar No. 0609897
        ATTORNEY FOR THE HUNTINGTON
        NATIONAL BANK

B11017516

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the foregoing Motion for Relief from Stay and any and all Exhibits referenced therein have been furnished by regular U. S. Mail to all parties listed below on this 6th day of May, 2011.

Peter T. Dvorak
P.O. Box 1425
Naples, FL   34106

I HEREBY CERTIFY that a copy of the foregoing Motion for Relief from Stay and any and all Exhibits referenced therein have been furnished by Electronic Mail to all parties listed below on this 6th day of May, 2011.

Monique Hayes
100 Southeast 2nd Street
Suite 4400
Miami, FL   33131

Diane L. Jensen, Trustee
P. O. Drawer 1507
Ft. Myers, FL   33902

                                                Florida Default Law Group, P.L.
                                                P.O. Box 25018
                                                Tampa, Florida   33622-5018
                                                Phone   (813) 251-4766
                                                Fax   (813) 251-1541


                                                By: /s/   ELIZABETH T. FRAU
                                                Elizabeth T. Frau
                                                Florida Bar No. 0609897