IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA, FORT MYERS DIVISION

In the Matter of:

PETER T. DVORAK

CASE No. 9-11-bk-07437-BSS

Debtor(s)/

## MOTION FOR APPROVAL OF STIPULATION RE: TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION AND AMENDMENTS THERETO (IF ANY)

Comes now Diane L. Jensen as Trustee in Bankruptcy of the above captioned matter, by and through her undersigned counsel, and she does hereby move unto this Honorable Court for approval of Stipulation Re: Trustee's Objection to Claim of Exemption and Amendments Thereto (if any), attached hereto, and as grounds therefor would state that she believes it would be in the best interest of the bankruptcy estate for the Stipulation to be approved and said Stipulation is not a compromise.

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider this Motion and Stipulation without further notice or hearing unless a party in interest files an objection within 21 days from the date of service of this notice. If you object to the relief requested in this notice, you must file your objection with the Clerk of the Court at United States Bankruptcy Court, 801 N. Florida Avenue, Suite 555, Tampa, FL 33602-3899, and serve a copy on the movant's attorney, DIANE L. JENSEN, P. O. Drawer 1507, Fort Myers, FL 33902-1507, and a copy on CYNTHIA P. BURNETTE, Ass't U.S. Trustee, 501 E. Polk Street, Suite 1200, Tampa, FL 33634.

If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the notice, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

WHEREFORE, Movant prays that the stipulation be approved and the Debtor be directed to comply with the terms stated therein.

I hereby certify that a true and correct copy of the above and foregoing has been served by electronic notice if registered in the Electronic Case Filing System, otherwise by U. S. Mail on the following: **CYNTHIA P. BURNETTE, Ass't U.S. Trustee, PETER T. DVORAK**, P.O. BOX 1425, NAPLES, FL 34106, and **MONIQUE HAYES**, 100 SE 2nd Street, Suite 4400, Miami, FL 33131, on this _9-20-11_ .

> PAVESE LAW FIRM
> Attorneys for Trustee
> Post Office Drawer 1507
> Fort Myers, Florida 33902
> (239) 339-2293
> (239) 332-2243-fax
>
> By: /s/ Diane L. Jensen
> Diane L. Jensen
> Florida Bar #:153607

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA,
FORT MYERS DIVISION

In the Matter of:

PETER T. DVORAK

CASE No. 9-11-bk-07437-BSS
Chapter 7

_____ Debtor(s)/

## STIPULATION RE: TRUSTEE'S OBJECTION TO
## CLAIM OF EXEMPTION AND AMENDMENTS THERETO (IF ANY)

Come now Diane L. Jensen, Trustee in Bankruptcy of the above captioned case, and PETER T. DVORAK, by and through their undersigned counsel, and they do hereby stipulate as follows:

1. Trustee filed an Objection to Claim of Exemption under Section 522, and this Stipulation is intended to resolve Trustee's original Objection and amendments thereto, if any, filed prior to the date of this Stipulation.

2. The Trustee and the Debtor have reached an agreement wherein the Debtor will surrender his 2010 tax refund if one is received; 110/365ths of his 2011 tax refund calculated after deduction of any earned income credit; all his interest in the LLCs and other corporations and has surrendered certain personal property itemized in attached Exhibit A, and Debtor shall be permitted to repurchase his remaining excess non-exempt disclosed personal property as described in the Trustee's Objection to Claim of Exemption for a total of $11,818.83 together with a 3% service charge of $354.57 for a total purchase price of $12,173.40, payable at $1,014.45 per month, beginning September 1, 2011 with subsequent payments being due on the 1st day of each month thereafter until the entire balance has been paid in full. Said payments are to be made payable to DIANE L. JENSEN, TRUSTEE, and sent to P. O. Drawer 1507, Fort Myers, FL 33902.

3. The above described Stipulation is subject to Notice being sent to all creditors, and no objections being filed or higher bids being submitted. In the event a higher bid is received, Trustee shall notify the Debtor and arrange an auction. Further, in the event the Debtor is not the high bidder, for any property being repurchased at private sale, Debtor will receive a refund of any funds paid for said property.

4. To the extent this Stipulation includes repurchase of any vehicles, the Debtor shall provide proof of insurance to the Trustee with the first payment due hereunder, and further, Debtor acknowledges that the Trustee has a security interest in the vehicles to the extent of the entire repurchase amount and will agree, if requested, to execute a Notice of Lien to perfect Trustee's security interest therein, and will agree to pay any lien fees. This Stipulation shall also constitute a security agreement in any and all assets being repurchased to the extent of the

amount of the Stipulation. In addition to providing Trustee with Proof of Insurance, the Debtor also agrees to surrender the original Certificate of Title of any and all unliened vehicles to the Trustee, which Certificate of Title the Trustee shall hold until all sums are paid in full. Debtor will also provide notice to his insurance company of the lien of the Trustee and shall have Trustee listed as loss payee on any applicable policy, which shall also provide that the Trustee be notified of any cancellation of insurance. Failure to maintain insurance shall constitute a default of the Stipulation.

5. In the event any payment is not made, the Trustee shall give written notice to the Debtor and Debtor's counsel, at the last address of record. If the Debtor fails to cure the default within ten days from the date of the letter, the Trustee shall have the right to accelerate the remaining balance due and to file a Motion for Entry of Final Judgment for said sums together with estimated attorney's fees and costs for the need to file an adversary proceeding to deny or revoke the Debtor's discharge. A Final Judgment based on the Motion shall be entered without further notice or hearing. Further, the Trustee shall have the right to file suit seeking the revocation or denial of the Debtor's discharge, as appropriate, due to the Debtor failing to comply with the terms of the Stipulation.

DATED this 9/15/11.

| | |
|---|---|
| PAVESE LAW FIRM<br>Attorneys for Trustee<br>Post Office Drawer 1507<br>Fort Myers, Florida 33902<br>(239) 339-2293<br>(239) 332-2243 - fax<br><br>By: _____<br>Diane L. Jensen<br>Florida Bar No. 153607 | GENOVESE JOBLOVE & BATTISTA PA<br>Attorneys for Debtors<br>100 SE 2nd Street, Suite 4400<br>Miami, FL 33131<br>(305) 349-2300<br><br>By: _____<br>MONIQUE HAYES |

File No. 59911.350
F:\WPDATA\SUE\WORDDOCS\STIPS\Dvorak.Peter.DOC

In the Matter of:

PETER T. DVORAK

CASE No. 9-11-bk-07437-BSS

_____
                           Debtor(s)/

# EXHIBIT A

2 couches; 3 tables; 2 lamps; Stereo cabinet w/TV; 1Rug; 2 pictures; One table, five chairs; Clock; 1 picture; 1 rug ; 1 bed; 2 night tables; 2 lamps; 1 dresser; 1 clock; 1 plant; 1 mirror; 1 stand w/TV; Soft goods; 2 twin beds w/headboards; 1 nightstand; 1 picture; 1 dresser w/mirror; 1 lamp; 1 TV; Soft goods; Washing machine & Dryer; Stove; Refrigerator; Microwave